UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Robert Rothman, | |
| Plaintiff, | 25-mc-473 (AS) |
| -against- | |
| Bank of America et al., | OPINION AND ORDER |
| Defendants. | |

ARUN SUBRAMANIAN, United States District Judge:

Roger Goodell moves to quash a deposition subpoena served on him in connection with *Robert Rothman v. Bank of America Corp.*, No. 8:23-cv-02969 (M.D. Fla.). The motion is GRANTED.

"The party seeking discovery has the initial burden of proving the requested material is relevant … and … proportional to the needs of the case." *In re Terrorist Attacks on September 11, 2001*, 2023 WL 4447869, at *2 (S.D.N.Y. July 11, 2023) (citing *Aviles v. S&P Global, Inc.*, 583 F. Supp. 3d 507, 515 (S.D.N.Y. 2022) (internal citations and quotation marks omitted)). If this burden is met, the responding party then bears the burden to show an undue burden. *Id*.; Fed. R. Civ. P. 45(d)(3)(A)(iv).

The Court has closely reviewed the parties' submissions, and for the reasons set forth by Goodell, the Court finds that Rothman has failed to satisfy his burden of demonstrating that information from Goodell would be relevant and proportional to the needs of the case; even if that burden were met, Goodell has shown that his deposition would pose an undue burden.

It is wholly unclear what information Goodell, the Commissioner of the NFL, would have that would shed light on violations of federal and state law by Bank of America. Further, Rothman makes no effort to explain why information concerning any alleged conspiracy between Bank of America and the NFL—if there was an evidentiary basis for such a thing—wouldn't be in the possession of the Bank and its employees. Rothman cites no documents or other information uncovered in discovery that suggest any conspiracy or support that Goodell has relevant information concerning his claims that would be proportional to the needs of the case (and that only Goodell could uniquely provide).

Rothman relies on allegations in his Florida complaint, but the complaint mentions Goodell just four times, and the only non-conclusory allegation about Goodell is that he served as a mediator in a dispute among the former owners of an NFL franchise, which included Rothman. Dkt. 11-1. Without some kind of evidentiary basis that Goodell has information that would be relevant and proportional to Rothman's case against Bank of America, the motion must be granted.

The Court nevertheless declines to assess any fees or costs against Rothman. No out-of-the-norm tactics were employed in this case, the briefing on the motion to quash was swift and short, and Goodell is a sophisticated party with the resources of an entire professional sports league behind him. No monetary sanction is needed to enforce the Rules; granting the motion is enough.

The Clerk of Court is directed to terminate Dkt. 1 and to close this case.

SO ORDERED.

Dated: December 1, 2025
New York, New York

ARUN SUBRAMANIAN
United States District Judge